UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 09-3458 CAS (CTx) | Date | June 16, 2009 |
|---|---|---|---|
| Title | MARK MOORE v. FEDEX SMARTPOST, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers:) ORDER REMANDING CASE TO STATE COURT

On November 20, 2008, plaintiff Mark Moore filed the instant civil action in Los Angeles County Superior Court against defendants FedEx SmartPost, Inc., and Does 1 through 10 alleging claims for: (1) unlawful discrimination; (2) termination in violation of public policy; (3) violation of the California Labor Code Private Attorney General Act of 2004; and (4) unfair competition.

Plaintiff, a former employee of defendant FedEx SmartPost, alleges that defendant discriminated and retaliated against him because of his religion.  Compl. ¶ 10.  Plaintiff further alleges that he was harassed, and ultimately forced to quit, because of his opposition to defendant's discriminatory and unlawful practices.  Id.

On May 15, 2009, defendant filed a notice of removal on the basis of diversity jurisdiction.  Pursuant to 28 U.S.C. §1446(b), "if the case stated by the initial pleading is not removable, a notice may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Defendant claims that removal is timely because it was filed within 30 days after defendant received plaintiff's Amended Response to Defendant's Special Interrogatories, Set One (the "Amended Response").  Notice of Removal ¶ 11.  On June 9, 2009, the Court ordered defendant to show cause why this case should not be remanded for untimely removal.  On June 12, 2009, defendant filed its response to the Court's Order to Show Cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 09-3458 CAS (CTx) | Date | June 16, 2009 |
|---|---|---|---|
| Title | MARK MOORE v. FEDEX SMARTPOST, INC., ET AL. | | |

    Defendant argues that it was unable to determine that the amount in controversy was more than $75,000 until it received the Amended Response.  Def. Resp. at 2.  Defendant contends that it calculated that plaintiff earned less than $11,000 per year and that the Amended Response indicated that plaintiff lost approximately $20,280 per year in wages.  Id.

    It appears to the Court that the Amended Response did not provide new information from which defendant could first ascertain that this case was removable.  First, plaintiff identified his California citizenship in the Complaint filed November 20, 2008.  Compl ¶ 2.  Second, defendant states in its notice of removal that (1) "punitive damages alone might exceed the jurisdictional minimum"; (2) plaintiff is seeking to recover for emotional distress; (3) plaintiff is seeking attorneys' fees, which "could exceed $75,000, and could be many times that amount"; and (4) plaintiff is seeking to recover prejudgment interest.  Not. of Removal ¶¶ 25-30.  Therefore, even if defendant believed that plaintiff's lost wages were $10,000 less than they are, defendant still could have demonstrated by a preponderance of the evidence that the amount in controversy was more than $75,000 at the time the original complaint was served.  Abrego v. Dow Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006).  Accordingly, the Court concludes that removal was untimely.  28 U.S.C. §1446(b).

    In accordance with the foregoing, the Court hereby REMANDS this case to state court.

    IT IS SO ORDERED.

                                                   : 
Initials of Preparer            PDP